**FILED**
*February 17, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

No. 03-14-00782-CV

---

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

---

### SANTANDER CONSUMER USA, INC.
Appellant,

v.

### MARIO A. MATA, CENTROPLEX AUTOMOBILE RECOVERY, INC., BLAKE THORNTON VANDUSEN, JOHN F. THOMPSON D/B/A CENTROPLEX AUTOMOBILE RECOVERY, INC., AND REDSHIFT INVESTIGATION, INC.
Appellees.

---

*Appealed from the
353rd Judicial District Court
Travis County, Texas
Cause No. D-1-GN-13-000677*



RECEIVED
FEB 1 7 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

---

### BRIEF OF PLAINTIFF-APPELLEE, *PRO SE*

Mario A. Mata
111 Congress Avenue, Suite 400
Austin, Texas 78701-4143
Telephone: (512) 681-4461
Facsimile: (512) 682-2147
Email: mario.mata@privatewealthlaw.com
**APPELLEE, *Pro Se***

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... i

INDEX OF AUTHORITIES ............................................................................... ii

STATEMENT OF THE CASE ............................................................................. 1

ISSUE PRESENTED ........................................................................................... 3

STATEMENT OF FACTS .................................................................................. 3

ARGUMENT ....................................................................................................... 4

   I.    Neither Santander nor any of the Cross-Defendants have not executed a binding arbitration agreement ................................................................... 4

   II.   Neither Santander nor any of the Cross-Defendants have executed a binding arbitration agreement. ...................................................................... 5

PRAYER .............................................................................................................. 7

CERTIFICATE OF COMPLIANCE .................................................................. ..

CERTIFICATE OF SERVICE ........................................................................... ...

# INDEX OF AUTHORITIES

**Statutes**

*Texas Finance Code* Section 348.116 ............................................................................7

## STATEMENT OF THE CASE

Mario A. Mata, the Appellee-Plaintiff Pro Se herein, filed a lawsuit against Appellant Santander Consumer USA, Inc. and the Cross-Defendant Appellees herein for tort, contract, and DTPA claims arising as a result of the acts of the Defendants, either individually, collectively, or through their agents, when said Defendants unlawfully trespassed onto Plaintiff's private residential homestead property for the purpose of unlawfully repossessing Plaintiff's Suburban on February 23, 2011. The unlawful entry onto Plaintiff's private homestead property occurred (a) eight (8) days after Plaintiff-Appellee had caused to be delivered to Santander a Cashier's Check in full and complete satisfaction of the indebtedness then held by Santander, and (b) the unlawful repossession occurred just one (1) day after Santander released its security interest and lien on Plaintiff's Suburban. On the day of the wrongful foreclosure, Santander did not have a valid security interest in the Plaintiff's Suburban as it had already been released.

Mata financed his purchase of the Suburban through a Motor Vehicle Retail Installment Contract he executed with Capital Chevrolet. The Motor Vehicle Retail Installment Contract was then transferred to Appellant–Defendant Santander's predecessor on December 29, 2002. (*See* CR 71-72.) A modification agreement to the original Motor Vehicle Retail Installment Contract was later executed by Plaintiff Appellee on or about January 16, 2009 but the modification agreement was never executed by Santander's predecessor as required by the terms of

1

the Motor Vehicle Retail Installment Contract and by applicable law. The arbitration provision that is the subject of this inter-locutory appeal is included in the modification agreement dated January 16, 2009 that was executed only by Plaintiff Appellee and not Santander's predecessor as required by the statutory language included in the original Motor Vehicle Retail Installment Contract. (CR 76-80.)

Mata filed suit against and served all of the Defendants. In the Joint Brief of Appellee filed by the Cross-Defendant Appellees, they claim that Cross-Defendants Centroplex Automobile Recovery, Inc. ("Centroplex") and Centroplex president, John Thompson was never served. In fact, they were served at the exact same time that they were served with Santander's Cross-claim against Centroplex and Thompson. However, since the question of whether or not Cross-Defendants Centroplex and Thompson were served is not narrow issue raised by Plaintiff-Appellee herein, evidence of service on the two foregoing Cross Defendants shall not be included herein but shall, under separate cover, be provided to all other parties in this case.

## ISSUE PRESENTED

The Plaintiff-Appellee herein has not filed this Brief to argue the issue of whether Santander can compel the Cross-Defendant Appellees to arbitration. The Plaintiff-Appellee supports the argument of the Cross-Defendant Appellees that they cannot be compelled to an Arbitration that they are not a party to. Instead, the Plaintiff-Appellee has filed this Brief to raise the narrower issue of whether or not an arbitration agreement even existed. The relevant arbitration clause was included in a modification agreement to the original Motor Vehicle Retail Installment Contract, (a modification agreement that is dated January 16, 2009, not June, 2009 as asserted by Cross-Defendant Appellees in their Joint Brief). The Motor Vehicle Retail Installment Contract was, from inception, classified as a Motor Vehicle Retail Installment Contract under Texas statutory law, thus was at all times governed by Title 4, Chapter 348, entitled "Motor Vehicle Installment Sales" and the accompanying Regulations found in Chapter 84 of the Texas Administrative Code.

## STATEMENT OF FACTS

### I. The Motor Vehicle Retail Installment Contract between Mata and Santander and alleged Modification Agreement

Mata financed the purchase of his Chevrolet Suburban by executing a Motor Vehicle Retail Installment Contract with Capitol

3

Chevrolet the seller of the vehicle. The two parties executed the agreement for sale and financing of the vehicle on December 28, 2002. (CR 71- 72.) Mata then signed a modification agreement dated January 16, 2009 that included the arbitration provision that Santander relies on to compel arbitration against all of the Cross-Defendants and the Plaintiff. (CR 75-80.) However, no evidence exists that modification agreement was ever executed by Santander's predecessor as required by Motor Vehicle Retail Installment Contract and applicable state law. Thus, one of the issues before this Court of Appeals that can affect the outcome of this appeal is whether or not a binding arbitration agreement even exists that can be used by Santander to seek to compel the arbitration sought by Santander.

## SUMMARY OF THE ARGUMENT

### I. Neither Santander nor any of the Cross-Defendants have executed a binding arbitration agreement.

The Motor Vehicle Retail Installment Contract, dated December 28, 2002, includes very plain and significant language located just above various signatures on the contract that reads as follows:

> *"This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you [Plaintiff] and we [CitiFinancial Auto, Ltd.] must sign it. No oral changes are binding."*

To date, Santander has never produced a copy of the fully executed

4

Modification Agreement that is executed by **both** the Plaintiff Pro Se and CitiFinancial Auto, Ltd. Had such a fully executed agreement existed, it should have been presented by Santander for the trial proceedings and certainly should have been made a part of the record in this case. However, no such document has ever been produced by Santander. Thus Santander has failed to prove that a binding agreement to arbitrate exist. Someone on behalf of CitiFinancial Auto, Ltd would have had to execute the Modification Agreement for it to be valid. If a fully executed copy of the document does not exist, then the Modification Agreement is not valid and, hence, the arbitration provisions in that Modification Agreement are not enforceable.

## II. Plaintiff and Cross-Defendants also cannot be compelled to arbitrate as no binding agreement exists.

Lacking an agreement to arbitrate, no party, including the Cross-Defendants can be compelled into arbitration based on the Motor Vehicle Retail Installment Contract executed by Plaintiff but never executed by any other party. The purported Modification Agreement is the sole document in the record that contains an arbitration agreement. It should be clear that under a reading of all contractual documents relevant to this litigation, the terms providing for arbitration must be agreed to and fully executed in writing by both parties. The modification agreement of course does provide for arbitration under certain specified circumstances, however,

5

inasmuch as it is a modification of the underlying Motor Vehicle Retail Installment Contract dated December 28, 2002, the modification agreement must also comply with the terms of the December 28, 2002, agreement. The 2002 agreement specifically provides that:

> **"This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you and we must sign it. No oral changes are binding."**

Plaintiff acknowledges his signature to the Modification Agreement. He is not aware of any signatures to the Modification made by Santander, CitiFinancial Auto, Ltd., or any other entities or predecessors in interest. The Modification Agreement with the Arbitration provision shown at Tab 2 to Appellant Santander's Brief is all Santander has been able to produce. A copy of the modification agreement, signed by both creditor and debtor, not been produced by any party to this litigation. It is not apparent on the face of any filings or exhibits yet present in the record of the Court, that Santander has shown the necessary prerequisite under the Modification Agreement to enforce its arbitration provision. A Modification Agreement signed only by Plaintiff is insufficient to support Santander's position regarding arbitration. As the party seeking the arbitration, Santander clearly bears the burden to show it actually has the right to seek arbitration and has so far failed to meet that contractual necessity.

6

The *Texas Finance Code* is persuasive on this matter. Section 348.116 provides any amendment to a retail installment contract "must be confirmed in a writing signed by the retail buyer," and that the holder "shall (1) deliver a copy of the confirmation to the buyer; or (2) mail a copy...at the buyer's most recent address shown on the records of the holder." *Tex. Fin. Code* §348.116. While Chapter 348 appears to be largely regulatory in nature, it clearly emphasizes the burden placed upon Santander in this litigation. A confirmation must be provided regarding modification, and the provisions of the Motor Vehicle Retail Installment Contract clearly mandate that a signature from both parties must also be provided. Plaintiff Appellee Mata never received a confirmation that the Modification Agreement had been signed by CitiFinancial Auto, Ltd., or anyone else beyond Plaintiff himself. Absent both the confirmation and the signature of both parties, the enforceability of the Modification Agreement as a whole is thrown into question—hardly sufficient to support and enforce mandatory arbitration.

## PRAYER

For the foregoing reasons, Plaintiff Appellee Mario A. Mata respectfully request that this Court reverse the finding of the trial court that is based upon an arbitration agreement that in included in a Modification Agreement signed by Mata but never executed the predecessor of Santander. Therefore, by the express terms of the original Motor Vehicle Retail

7

Installment, without a fully executed Modification Agreement the Modification Agreement that includes the new arbitration provision that is the subject of this Inter-locutory appeal fails. Therefore, the Plaintiff-Appellee Mario Mata, respectfully requests, for the foregoing reasons, that the Court find that no binding arbitration provision exists, therefore the entire proceeding should be remanded back to the trial court for continuation of the case.

Respectfully submitted.

_____
Mario A. Mata
111 Congress Avenue, Suite 400
Austin, Texas 78701-4143
Telephone: (512) 681-4461
Facsimile: (512) 682-2147
Email: mario.mata@privatewealthlaw.com

**APPELLEE,** *Pro Se*

8

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 2,145 words, as determined by the computer software's word-count function, excluding the sections of the document listed in TEX. R. APP. P. 9.4(i)(1).

Mario A. Mata

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following parties either electronically through an electronic filing manager or in the alternative served by fax prior to 5:00 p.m., in person, by mail, commercial delivery service, or email, on this 17th day of February, 2015, to the parties or their counsel shown below.

Mario A. Mata

Donald L. Turbyfill
State Bar of Texas # 20296380  dturbyfill@dntlaw.com [E-MAIL]
DEBORAH C. S. RIHERD
State Bar of Texas # 24038904  driherd@dntlaw.com [E-MAIL]
VICKI W. HART
State Bar of Texas # 24046037  vhart@dntlaw.com [E-MAIL]
4801 Woodway, Suite 420-West
Houston, Texas  77056-1805
(713) 622-8338 [PHONE]
(713) 586-7053 [FACSIMILE]
**ATTORNEYS FOR APPELLANT SANTANDER CONSUMER USA, INC.**

John S. Kenefick  JKenefick@MacdonaldDevin.com [E-MAIL]
John R. Sigety  JSigety@MacdonaldDevin.com [E-MAIL]
MacDonald Devin, P.C.
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
(214) 744-3300 [PHONE]
(214) 747-0942 [FACSIMILE]
**ATTORNEYS FOR APPELLEE BLAKE THORNTON VANDUSEN**

David L. Treat dlt@lstlaw.com [E-MAIL]
Christopher A. Lotz clotz@lstlaw.com [E-MAIL]
Lindow Stephens Treat, LLP
The Vogue Building
600 Navarro Street, Sixth Floor
San Antonio, Texas 78205
(210) 227-2200 [PHONE]
(210) 227-4602 [FACSIMILE]
**ATTORNEY FOR APPELLEES REDSHIFT INVESTIGATION INC.**


Karen C. Burgess kburgess@richardsonburgess.com [E-MAIL]
Richardson + Burgess LLP
221 West 6th Street, Suite 900
Austin, Texas 78701-3445
(512) 482-8808 [PHONE]
(512) 499-8886 [FACSIMILE]
**ATTORNEY FOR APPELLEES CENTROPLEX AUTOMOBILE
RECOVERY, INC. AND JOHN F. THOMPSON**